UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DEBRA DISTLER and JAMES DISTLER,

        Plaintiffs,

   v.

LEE R. HAGELE and "JANE DOE" HAGELE,

        Defendants.

No. CV-07-137-FVS

ORDER

**THIS MATTER** comes before the Court without oral argument based upon the defendants' motion to transfer venue. They are represented by Michael H. Church and Melody D. Farance. The plaintiffs are represented by Melvin H. Champagne.

## I. BACKGROUND

At one time, Debra Distler and her husband, James, were residents of the State of Washington. Now, they reside in the State of Florida. Mrs. Distler is the owner and Chief Executive Officer of E-Z Pay Services, Inc. ("E-Z Pay"), a Nevada corporation, that currently does business in Florida. Until January 16, 2006, Lee Hagele was the Chief Financial Officer. Mr. Hagele and his wife are residents of Washington.

Mrs. Distler alleges that, during May of 2002, Mr. Hagele orally agreed to allow her to purchase a parcel of real property using his

ORDER - 1

name and credit. The property is located in Washington. She was to provide the funds for the purchase, take up residence at the property, make all mortgage payments, pay all taxes and insurance, and pay for all maintenance. Upon satisfaction of the mortgage, he was to execute a deed conveying title to the Distlers.

Mrs. Distler allegedly made the mortgage payments by drawing checks against an account maintained by E-Z Pay. The Distlers claim they have paid in excess of $450,000; a sum which, in their opinion, constitutes "all monies necessary to acquire" the parcel of property. However, according to them, Mr. Hagele refuses to transfer title to the property.

The Distlers filed a quiet-title action in Spokane County Superior Court. The Hageles timely removed the matter to federal court based upon diversity of citizenship. 28 U.S.C. § 1441(b). Now, the Hageles move to transfer venue to the United States District Court for the Middle District of Florida. 28 U.S.C. § 1404(a).

The Hageles urge the Court to transfer because of several actions pending in the Middle District of Florida. Those actions include E-Z Pay's involuntary bankruptcy and a property dispute between the Distlers and Hageles allegedly based upon similar facts. The Hageles argue that because the mortgage payments were made from E-Z Pay accounts and the Middle District of Florida has a broad understanding of the dealings of the Distlers and E-Z Pay, the case should be transferred.

ORDER - 2

## II. STANDARD

Section 1404(a) of Title 28 states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Whether venue should be transferred depends upon the facts of the case, no one of which is necessarily dispositive. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.), *cert. denied*, 531 U.S. 928, 121 S.Ct. 307, 148 L.Ed.2d 246 (2000). A district court should consider the following non-exclusive list of factors:

> the location where the relevant agreements were negotiated and executed, ...the state that is most familiar with the governing law, ...the plaintiff's choice of forum, ...the respective parties' contacts with the forum, ...the contacts relating to the plaintiff's cause of action in the chosen forum, ...the differences in the costs of litigation in the two forums, ...the availability of compulsory process to compel attendance of unwilling non-party witnesses, and ...the ease of access to sources of proof.

*Id.* at 498-99.

## III. RULING

The relevant factors weigh against transferring venue to the Middle District of Florida. First, the disputed property is located in the Eastern District of Washington. Second, it is likely that the dispute is governed by Washington law. Third, it is unlikely that a Judge in the Middle District of Florida is familiar with Washington law, whereas the Judges in this District are. Fourth, both plaintiffs and defendants have had significant contacts with Washington. Fifth,

ORDER - 3

the Distlers chose this state as the forum in which to bring their action. Sixth, evidence is more likely to be found in this District than the Middle District of Florida. Seventh, unless resolution of this action is intertwined with bankruptcy proceedings in the Middle District of Florida, it will be more expensive to litigate the dispute in Florida.

The Hageles argue that litigating in Washington will be duplicative, a burden on judicial resources, and result in potentially inconsistent judgments because of an allegedly similar suit going on in Florida. However, they have not provided any particular evidence demonstrating how this suit will be duplicative or result in inconsistent judgments with the Florida suit.

This matter does not appear to be intertwined with the Florida matters in any significant way. If it was, the bankruptcy trustee would have intervened or taken some action to claim an interest in the Washington property. No such action has been taken.

**IT IS HEREBY ORDERED:**

The defendants' motion to transfer venue (**Ct. Rec. 4**) is **denied**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___20th___ day of June, 2007.

                                              s/ Fred Van Sickle
                                              Fred Van Sickle
                                     United States District Judge